**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Bluefield Division**

TYLER DWAYNE NEW,                                          )
                                                          )
    Plaintiff,                                       )
                                                          )
v.                                                        )       Civil Action No. __1:24-cv__-00212
                                                          )
METROPOLITAN LIFE INSURANCE                                )
COMPANY; CLEVELAND-CLIFFS                                  )
PRINCETON COAL, INC.; TWIN STATE                           )
MINING, INC.; and XMV, INC.,                               )
                                                          )
    Defendant.                                       )

---

**DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Metropolitan Life Insurance Company ("MetLife") hereby gives notice of its removal of this action from the Circuit Court of Mercer County, West Virginia, Case No. CC-28-2024-C-89, where it is currently pending. This case is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which establishes "federal question" jurisdiction. In support of this Notice of Removal, MetLife states:

1.      On or about March 25, 2024, Plaintiff filed this action in the Circuit Court of Mercer County, which is designated in that court as Case No. CC-28-2024-C-89. A true and correct copy of the state court's docket sheet is attached as Exhibit A and Plaintiff's Complaint is attached as Exhibit B.

1

2.      Service was requested on MetLife through the West Virginia Secretary of State, and the Secretary of State accepted service on April 5, 2024.  The West Virginia Secretary of State's acceptance of service is included in Exhibit B.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty days of MetLife's receipt of the Complaint.  The other Defendants in the case consent to the removal.

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is an action arising under the laws of the United States, specifically ERISA.  The ERISA civil enforcement provision completely preempts state law causes of action that duplicate, supplement, or supplant the ERISA civil enforcement remedy.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  For purposes of the well-pleaded complaint rule, ERISA's civil enforcement provision has been held to have such extraordinary preemptive power that it converts an ordinary state-law complaint into one stating a federal claim that is removable to federal court.  *See id.* at 209; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–66 (1987).

5.      The action arises following MetLife's denial of Plaintiff's claim for life insurance benefits following the death of the Plaintiff's father.  The "policy" referred to in the Complaint is a group insurance policy issued by MetLife to the deceased's former employer, Cleveland-Cliffs Princeton Coal Inc., to fund benefits as part of the employer's employee welfare benefit plan (the "Plan"), in which the deceased participated.  Plaintiff's Complaint asks for a declaration to be made under the Plan, and alleges multiple state law causes of action including breach of contract, common law bad faith, violation of the West Virginia Unfair Trade Practices Act, "reasonable expectation," and unjust enrichment.

6.      The Complaint makes clear that Plaintiff seeks benefits from an "employee welfare benefit plan," as defined by ERISA.  29 U.S.C. § 1002(1).  Claims that "relate to" employee benefit plans are exclusively federal in nature because ERISA "supersede[s] any and all state laws insofar as they "relate to any employee benefit plan…"  29 U.S.C. § 1144(a).  When a plaintiff brings suit "only to rectify a[n] [alleged] wrongful denial of benefits promised under ERISA-regulated plans, and do[es] not attempt to remedy any violation of a legal duty independent of ERISA," then the plaintiff's state causes of action fall within the scope of ERISA § 502(a)(1)(B) and are therefore completely pre-empted by ERISA and removable to federal district court.  *Aetna*, 542 U.S. at 205–06 (internal quotation marks and citations omitted).

7.      Accordingly, this action is one over which this Court has original jurisdiction pursuant because Plaintiff's claim arises under an ERISA-governed benefit plan, and Plaintiff's claims are within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a). Pursuant to 28 U.S.C. §§ 1331 and 1441(a), this Court has original jurisdiction over Plaintiff's action without respect to the amount in controversy or the citizenship of the parties, and MetLife thus removes it to this Court.

8.      A copy of this Notice of Removal is being filed with the Circuit Court for Mercer County and written notice is being sent to Plaintiff's counsel.

WHEREFORE, MetLife respectfully submits this Notice removing the state court action to this Court.

This 24th day of April, 2024.

/s/ Matthew O. Gatewood
Matthew O. Gatewood
W.Va. State Bar No. 10044
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Notice of Removal via e-mail and U.S. mail on

the following counsel of record:


Stephen P. New
Christopher B. Frost
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801

This 24th day of April, 2024.


By:<u>/s/ Matthew O. Gatewood</u>
Matthew O. Gatewood