IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

| | | |
|---|---|---|
| TYLER DWAYNE NEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-212 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY; CLEVELAND-CLIFFS | ) | |
| PRINCETON COAL, INC.; TWIN STATE | ) | |
| MINING, INC.; and XMV, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendants submit this Memorandum of Law in support of their Motion To Dismiss Plaintiff's Complaint.

**INTRODUCTION**

As a threshold matter, none of the Complaint's causes of action are directed at any of the three "Defendant Coal Companies" and the Court should dismiss Defendants Cleveland-Cliffs Princeton Coal, Inc.; Twin State Mining, Inc.; and XMV, Inc. because there are no claims, let alone viable claims, against any of these entities.[1]

The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") preempts all six of the Complaint's causes of action. All of the claims challenge

---

[1] There is a reference to a duty that these entities allegedly owed to Plaintiff "to accurately provide" employment status to MetLife in Count I for Declaratory Judgment (Compl. ¶ 24), but this Count, like the others, merely challenges MetLife's decision to deny Plaintiff's claim for benefits and cannot be read as an independent cause of action against any of the Defendant Coal Companies.

1

Defendant MetLife's decision to deny the Plaintiff's claim for ERISA-governed life insurance benefits. The Court should dismiss all of these claims with the exception of the breach of contract claim (Count II), which the Court should convert into a federal claim against MetLife to recover ERISA-governed plan benefits. That ERISA benefits claim against MetLife is the only claim that should proceed.

## PERTINENT BACKGROUND

The action arises following MetLife's denial of Plaintiff's claim for life insurance benefits following the death of the Plaintiff's father. The "policy" referred to in the Complaint is a group insurance policy issued by MetLife to the deceased's former employer, Cleveland-Cliffs Princeton Coal Inc., to fund benefits as part of the employer's employee welfare benefit plan in which the deceased participated. *See* Ex. A to Mot. To Dismiss, Cleveland-Cliffs Princeton Coal Inc. Group Insurance Policy (the "Plan").[2] The Complaint challenges MetLife's denial of Plaintiff's claim. Instead of bringing a claim pursuant to ERISA for Plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff's Complaint alleges six overlapping and duplicative state law causes of action: (1) a claim for declaratory judgment; (2) breach of contract; (3) common law bad faith; (4) violation of the West Virginia Unfair Trade Practices Act ("WVUTPA"); (5) reasonable expectations; and (6) unjust enrichment. ERISA preempts all of these causes of action and

---

[2] Consideration of the Plan-governing document does not convert this motion to dismiss into a motion for summary judgment. When ruling on a motion to dismiss in an ERISA dispute, the Court may consider the Plan documents without converting the motion to a summary judgment motion, so long as the authenticity of the documents is not contested. *See Place v. Navy Fed. Credit Union*, No. 3:09-cv-5, 2009 U.S. Dist. LEXIS 152397, at *6 (N.D. W. Va. Feb. 12, 2009) (citing *Stewart v. Pension Trust of Bethlehem Steel Corp.*, 12 Fed. Appx. 174, 176 (4th Cir. 2001)); *Gifford v. Burton*, No. 2:21-cv-669, 2022 U.S. Dist. LEXIS 154037, at *5 (S.D. W. Va. Aug. 26, 2022). The Complaint references the "policy" on multiple occasions and the Plan-governing document is "integral to and explicitly relied on in the complaint." *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); Compl. ¶¶ 14, 22 ("insurance coverage"), 23, 26, 27, 28, 30 ("contract of insurance"), 31, 32 ("insurance contract"), 34, 43, 100, 106, and the Prayer for Relief.

Plaintiff may recover Plan benefits, if at all, only through an ERISA civil enforcement action, not through these state law claims.

## ARGUMENT

I. **ERISA's Preemptive Effect.**

Congress intended ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), "to be the exclusive remedy for rights guaranteed under ERISA." *See Gates v. Morris*, No. 2:17-cv-3392, 2018 U.S. Dist. LEXIS 52732, at *21–22 (S.D. W. Va. Mar. 29, 2018) (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990)). ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[3] 29 U.S.C. § 1144(a).

"A state law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 377 (4th Cir. 2001) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983)). This is true "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Riley v. Am. Elec. Power Serv. Corp.*, No. 2:22-cv-577, 2023 U.S. Dist. LEXIS 75292, at *5 (S.D. W. Va. May 1, 2023) (quoting *Griggs*, 237 F.3d at 377–78); *see also Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341 (4th Cir. 2007) ("[P]arties [cannot] avoid ERISA's preemptive reach by recasting otherwise preempted claims as state-law contract and tort claims."); *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005) ("The term 'State law' encompasses not only statutes but also

---

[3] An "employee benefit plan" is "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer … to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death …". 29 U.S.C. § 1002(1).

3

common law causes of action, such as … claim[s] for breach of contract."). The Fourth Circuit has explained that a state claim is an alternative enforcement mechanism for ERISA rights if the state claim could be brought as an enforcement action under § 29 U.S.C. § 1132(a). *Id.* at *21 (citing *Darcangelo v. Verizon Comm., Inc.*, 292 F.3d 181, 190–91 (4th Cir. 2002)); *Sizemore v. Northwestern Mut. Life Ins. Co.*, No. 2:17-cv-789, 2017 U.S. Dist. LEXIS 130333, at *6–7 (S.D. W. Va. Aug. 16, 2017).

Preempted state law claims seeking remedies outside the scope of ERISA's civil enforcement provision should be dismissed. *See Sizemore v. Northwestern Mut. Life Ins. Co.*, 2017 U.S. Dist. LEXIS 130333, at *6 (citing *Singh v. Prudential Health Care Plan, Inc.*, 335 F. 3d 278, 290 (4th Cir. 2003)).

## II. ERISA Preempts Each of Plaintiff's Claims.

Plaintiff's state law claims relate to an employee benefit plan and are preempted. All of the claims are premised on MetLife's denial of Plaintiff's claim for life insurance benefits as a beneficiary under the Plan. *See* Compl. ¶ 14 ("Plaintiff Tyler Dwayne New filed a claim with Defendants for any and all benefits due and owing to him, including but not limited to, the proceeds for the Group Life Insurance under the MetLife policy."); *id.* ¶¶ 15, 17, 28, 32, 36, 43, 100, 106 (challenging MetLife's decision under the Plan); *Riley*, 2023 U.S. Dist. LEXIS 75292, at *5–6 (finding ERISA preemption of state law claims where complaint was based on refusal to honor beneficiary designation and pay plan benefits). Plaintiff's claims derive entirely from MetLife's decision in reviewing Plaintiff's claim based on the terms of the Plan. *Id.* at *6 ("This relationship brings Plaintiff's claims within ERISA's preemptive scope and forecloses her right to relief through her state-law claims."). The claims can only be read to seek recovery of the life

insurance benefits potentially available from the Plan, and ERISA thus preempts all of the Complaint's claims.

### a. Declaratory Judgment – Count I

Plaintiff's declaratory judgment claim asks the Court to declare the respective rights and obligations of the parties "as to insurance coverage." Compl. ¶ 22. The terms of the ERISA-governed Plan squarely govern this issue and ERISA thus preempts this claim. *See, e.g.*, *C Evans Consulting LLC v. Sortino Fin., LLC*, No. GLR-21-2493, 2023 U.S. Dist. LEXIS 138772, at *14–15 & n.2 (D. Md. Aug. 8, 2023) (explaining declaratory judgment claim was derivative of plaintiff's other state law claims, which were also preempted); *Coppedge v. Blue Cross Blue Shield of S.C.*, No. 3:21-cv-625-JMC, 2022 U.S. Dist. LEXIS 48486 (D.S.C. Mar. 18, 2022) (same). This Court has even said of claims for declaratory judgment awarding benefits under an employee welfare plan, "One has difficulty imagining a more clearly preempted claim." *Offenberg v. UNUM Life Ins. Co. of Am.*, No. 6:96-1908, 1997 U.S. Dist. LEXIS 21933, at *4–5 (S.D. W. Va. Feb. 4, 1997) (Haden, J.).

### b. Breach of Contract – Count II

The Plaintiff's action to enforce a contract that relies upon the existence and interpretation of an ERISA plan "is of necessity an alternative enforcement mechanism" for ERISA plan benefits "and is therefore 'related to' an ERISA plan and preempted." *Gates*, 2018 U.S. Dist. LEXIS 52732, at *26–27 (quoting *Darcangelo*, 292 F.3d at 195); *Goff v. Frontier Communs. of Am., Inc.*, No. 2:16-cv-5689, 2017 U.S. Dist. LEXIS 13632, at *8 & n.6 (S.D. W. Va. Feb. 1, 2017) (finding breach of contract claim preempted and explaining how ERISA's categories of preemption often overlap). The rights of Plaintiff and the obligations allegedly breached by MetLife arise entirely

from the ERISA Plan. *See Gates*, 2018 U.S. Dist. LEXIS 52732, at *27–28 (finding breach of contract claim preempted for the same reason).

### c. Common Law Bad Faith – Count III

Under West Virginia law, the breach of an implied covenant of good faith and fair dealing is not a cause of action separate from a breach of contract claim. *Gates*, 2018 U.S. Dist. LEXIS 52732, at *25 (quoting *Highmark W. Va., Inc. v. Jamie*, 221 W. Va. 487, 655 S.E.2d 509, 514 (W. Va. 2007)). "This Court has recognized that ERISA preempts common law bad faith claim[s] where those claims relate to a covered benefit plan." *Sizemore*, 2017 U.S. Dist. LEXIS 130333, at *9 (collecting cases). Some of the duties quoted in Plaintiff's Complaint amount to allegations that MetLife breached fiduciary duties and this Court has held that these allegations are preempted by ERISA. *See Goff*, 2017 U.S. Dist. LEXIS, at *10–11 (collecting cases). Regardless of how the allegations in Count III are construed, ERISA preempts the claim.

### d. West Virginia Unfair Trade Practices Act – Count IV

The Complaint chronicles multiple alleged violations of the WVUTPA that are ultimately a separate attempt to recover Plan benefits and thus ERISA preempts this claim as well. Compl. ¶ 43; *see Goff*, 2017 U.S. Dist. LEXIS 13632, at *8 ("Underlying these [WVUTPA] allegations is the contention that Prudential denied Plaintiff disability benefits under the terms of a contract which qualifies as an employee benefit plan."); *Gates*, 2018 U.S. Dist. LEXIS 52732, at *23–24 (finding ERISA preempts WVUTPA claims). "Courts interpreting the WVUTPA have similarly found its prohibitions related to claims processing to be preempted by ERISA as alternative enforcement mechanisms." *Sizemore*, 2017 U.S. Dist. LEXIS 130333, at *12–13 (collecting cases including *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 420–21 (4th Cir. 1993)); *Goff*, 2017 U.S. Dist. LEXIS 13632, at *8–9 (collecting cases and finding WVUTPA claim preempted because it

constitutes an alternative method of enforcing rights under an ERISA plan and also arises from state law relating to a plan).

### e. Reasonable Expectations – Count V

Under West Virginia law, "the doctrine of reasonable expectations is not a stand-alone cause of action but rather a rule of construction applicable to insurance contracts." *State ex rel. Erie Ins. Prop. & Cas. Co. v. Beane*, No. 15-0968, 2016 W. Va. LEXIS 516, at *6 n.2 (W. Va. June 13, 2016). As such, this claim is duplicative of the breach of contract claim and is preempted. *Gates*, 2018 U.S. Dist. LEXIS 52732, at *29 (construing reasonable expectations claim as an additional state law claim for breach of contract and finding that ERISA preempts it); *Goff*, 2017 U.S. Dist. LEXIS 13632, at *13–14 (same); *Sizemore*, 2017 U.S. Dist. LEXIS 130333, at *10 (dismissing reasonable expectations claim because it is not a stand-alone cause of action).

### f. Unjust Enrichment – Count VI

The Fourth Circuit and other district courts within the circuit "have routinely found that unjust enrichment [ ] claims arising from the administration of an ERISA-covered plan "relate[d] to" an ERISA-covered plan for preemption purposes." *C Evans Consulting*, 2023 U.S. Dist. LEXIS 138772, at *16 (citing cases including *Elmore v. Cone Mills Corp.*, 23 F.3d 855, 863 (4th Cir. 1994)). "Unjust enrichment claims, like other state common law tort and contract claims, are generally preempted by ERISA." *Essex v. Randall*, No. DKC 2003-3276, 2005 U.S. Dist. LEXIS 3942, at *14 (D. Md. Mar. 15, 2005) (finding unjust enrichment claim preempted); *see also Searls v. Sandia Corp.*, 50 F. Supp. 3d 737, 744 (E.D. Va. 2014) ("[B]ecause the unjust enrichment claim

ultimately concerns the extent of Plaintiff's pension benefits under [the] Plan, this claim is also preempted by ERISA.").[4]

### III. Plaintiff Only Has a Federal ERISA Claim Against MetLife Remaining.

When a state law claim attempts to enforce rights under an employee benefit plan, ERISA "converts it into a federal claim." *Robertson v. Nat'l Asbestos Workers Pension Fund*, No. 3:10-cv-1092, 2011 U.S. Dist. LEXIS 14692, at *6 (S.D. W. Va. Feb. 14, 2011) (citing *Summer v. Carelink Health Plans, Inc.*, F. Supp. 2d 482, 486 (S.D. W. Va. 2006)); *Darcangelo*, 292 F.3d at 195 ("[A]n action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA …"). Plaintiff's breach of contract claim should be converted into an ERISA claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), which allows for a plan beneficiary to bring a civil action "to recover benefits due to him under the terms of [the] plan." *See Robertson*, 2011 U.S. Dist. LEXIS 14692, at *6–7 (recharacterizing breach of contract claim into federal ERISA claim and dismissing other state-law claims including WVUTPA claim); *Darcangelo*, 282 F.3d at 195.

### CONCLUSION

For the reasons contained herein, the Court should dismiss all six of the causes of action contained in the Complaint, convert Count II to a federal claim under ERISA to recover Plan

---

[4] The Defendants also question whether Plaintiff has standing to assert an unjust enrichment claim given the Complaint alleges that MetLife was unjustly enriched by payments for premiums made *by* the Defendant Coal Companies *and not* by the decedent, such that the Defendant Coal Companies would be the proper party to seek any recoupment of such amounts. *See* Compl. ¶¶ 105–106. Even if standing, however, Plaintiff cannot pursue an unjust enrichment claim where a contractual relationship governs the parties' relationship, which the Complaint acknowledges. *See Gulfport Energy Corp. v. Harbert Private Equity, LP*, 851 S.E.2d 817, 822–23 (W. Va. 2020) ("Indeed, the law is clear that 'the existence of an express contract covering the same subject matter of the parties' dispute precludes a claim for unjust enrichment.'") (internal citations omitted).

benefits against only MetLife. All claims against the Defendant Coal Companies should be dismissed with prejudice.

Respectfully submitted this 1st day of May, 2024.

/s/ Matthew O. Gatewood
Matthew O. Gatewood
W.Va. State Bar No. 10044
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Memorandum in Support of Defendants' Motion To Dismiss through the Court's CM/ECF system to:

Stephen P. New
Christopher B. Frost
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801

This 1st day of May, 2024.

By: /s/Matthew O. Gatewood
Matthew O. Gatewood