IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

| | |
|---|---|
| TYLER DWAYNE NEW,                    )<br>                                                           )<br>     Plaintiff,                                 )<br>                                                           )<br>v.                                                      )<br>                                                           )<br>METROPOLITAN LIFE INSURANCE )<br>COMPANY,                                    )<br>                                                           )<br>                                                           )<br>     Defendant.                             ) | Civil Action No. 1:24-cv-212 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONDUCT DISCOVERY**

For the reasons articulated in the briefing on MetLife's pending motion to dismiss (ECF Nos. 23, 24, and 26), this benefits plan did not require written notice of conversion, and thus the fact that the Decedent did not receive written notice of the option for converting the group policy into an individual policy has no effect on when the Decedent's coverage lapsed.

Plaintiff's request for discovery beyond the administrative record should be denied. Plaintiff's brief does not identify any potential evidence that may have been before MetLife when MetLife made its claims decision, nor does it identify any part of the administrative record suggesting that any such evidence may exist. The Court can fully assess the reasonableness of MetLife's claims decision based on the language of the Plan and the administrative record without any additional discovery.

    **I.**    **The "*Quesinberry* factors" Plaintiff Cites Are Not Applicable When the Court Is Applying a Deferential Abuse of Discretion Standard of Review.**

Plaintiff's brief cites *Quesinberry v. Life Insurance Co.*, 987 F.2d 1017 (4th Cir. 1993), for the relevant standard for discovery beyond the administrative record. Pl.'s Br. (ECF No. 29) at 4.

*Quesinberry* is inapposite because that case dealt with a benefit plan that did *not* give the reviewing fiduciary discretionary authority to determine eligibility for plan benefits and to construe the terms of the plan. *See Helton v. AT&T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013) ("The scope of a district court's review in an action challenging an administrator's coverage determination under [ERISA] Section 1132(a)(1)(B) turns on whether the benefit plan at issue vests the administrator with discretionary authority."). *Quesinberry* examined the claims decision under a *de novo* standard of review, as opposed to the abuse of discretion standard that will apply in this case. *See Quesinberry*, 987 F.2d at 1026–27 ("In summary, we conclude that courts conducting *de novo* review of ERISA benefits claims should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim."); MetLife's Mot. To Dismiss, Ex. A (ECF No. 23-1), the Plan at 76 ("**Discretionary Authority of Plan Administrator and Other Plan Fiduciaries**—In carrying out their respective responsibilities under the Plan, the Plan Administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan.").

Even if *Quesinberry* applied here, however, Plaintiff falls far short of establishing any "[e]xceptional circumstances" for discovery of additional evidence being necessary for adequate review of the claims decision beyond the evidence that was before MetLife at the time of its determination. *See Quesinberry*, 987 F.2d at 1025, 1027.

Fourth Circuit caselaw in this area has evolved since *Quesinberry*. The Fourth Circuit has explained that where a claims fiduciary has discretionary authority, claims decisions are reviewed under an abuse of discretion standard. *See Geiger v. Zurich Am. Ins. Co.*, 72 F.4th 32, 37 (4th Cir. 2023) (citing *Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 629–30 (4th Cir. 2010)). When

that standard applies, the court has explained that it "should affirm a discretionary decision of a plan administrator if it is the result of a 'deliberate, principled reasoning process' and is supported by 'substantial evidence,' even if [the court] would reach a different decision independently." *Helton*, 709 F.3d at 352 (quoting *Williams*, 609 F.3d at 630). The Fourth Circuit has outlined eight factors to consider when reviewing whether the claims decision was reasonable. *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342–43 (4th Cir. 2000).[1] And the Fourth Circuit has explained that consideration of materials beyond the administrative record in cases when that deferential standard of review applies has been generally limited to any materials that were known to the claims administrator at the time of its decision. *See Helton*, 709 F.3d at 352 ("Generally, consideration of evidence outside of the administrative record is inappropriate when a coverage determination is reviewed for abuse of discretion."); *id.* (citing *Sheppard & Enoch Pratt Hosp. & Travelers Ins. Co.*, 32 F.3d 120 (4th Cir. 1994) ("In sum, under *Sheppard*, a district court may consider evidence outside of the administrative record on abuse of discretion review in an ERISA case when such evidence is necessary to adequately assess the *Booth* factors and the evidence was known to the plan administrator when it rendered its benefits determination.")).

II. **The Conflict of Interest Plaintiff Alleges Is Not the Conflict of Interest on Which Some Courts Have Allowed Extra-Record Discovery.**

Plaintiff's brief also raises an alleged conflict of interest between the Decedent's employer and Decedent, on the one hand, and MetLife on the other. Pl.'s Br. at 6. That relationship, however,

---

[1] Those factors are: "the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have." *Booth*, 201 F.3d at 342–43.

is not the "conflict of interest" on which some courts have allowed discovery beyond the administrative record following the U.S. Supreme Court's decision in *Glenn*, which instead focuses on the structural conflict of interest that a claims administrator may have when it is both the payor of benefits and the decider of whether to pay them. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008) (finding conflict of interest when same entity "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket"); *Lockard v. Unum Life Ins. Co. of Am.*, No. 3:15-cv-21, 2015 U.S. Dist. LEXIS 104675, at *4–6 (N.D. W.Va. Aug. 10, 2015) (quoting *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 533 (D. Md. 2011) (explaining that the *Glenn* exception allows for additional discovery outside of the administrative record "when an administrator has a structural conflict of interest and information not contained in the record is necessary to enable the court to determine the likelihood that the conflict influenced the particular benefits decision at issue")). Plaintiff's assertion of the conflict of interest between the Decedent and his employer, on the one hand, and MetLife, on the other, is not the conflict of interest on which other district courts have allowed discovery beyond the administrative record. Moreover, Plaintiff does not argue how the facts of this alleged conflict of interest cannot simply be gleaned from the administrative record itself.

      **III.**    **The Administrative Record Contains All Information that Was Before MetLife at the Time of Its Claims Decision, Including All Facts on Which Plaintiff's Arguments Rely.**

Plaintiff's argument that discovery is needed "Most importantly" for "the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts," one of the inapposite *Quesinberry* factors, is unavailing. *See* Pl.'s Br. at 4–6. Plaintiff's reasoning for this discovery sets forth the same legal arguments that Plaintiff has advanced in opposition to

MetLife's pending motion to dismiss, and fails to suggest how discovery could uncover any fact that would have any relation whatsoever to assessing MetLife's claims determination.

All of the facts on which Plaintiff's claim relies as to why coverage *should* have existed—that the policy at issue lapsed because the Decedent had not converted the policy, that MetLife did not send Plaintiff a written notice of the right to convert the policy, etc.—are contained in the administrative record that was before MetLife at the time of its benefits determination. Just as in *Lockard*, "the Plaintiff has not identified in the administrative record—or anything suspected to exist outside of the record—that could serve to demonstrate the necessity of ordering limited discovery." *See Lockard*, 2015 U.S. Dist. LEXIS 104675, at *10.

## CONCLUSION

For the reasons contained herein, the Court should deny Plaintiff's request for discovery beyond the administrative record.

Respectfully submitted this 23rd day of January, 2025.

/s/ Matthew O. Gatewood
Matthew O. Gatewood
W.Va. State Bar No. 10044
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I served the foregoing Response to Plaintiff's Motion To Conduct Discovery through the Court's CM/ECF system to:

Stephen P. New
Christopher B. Frost
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801

This 23rd day of January, 2025.

                                                     By: /s/Matthew O. Gatewood
                                                            Matthew O. Gatewood