IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Bluefield Division

| | | |
|---|---|---|
| TYLER DWAYNE NEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-212 |
| | ) | |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

When reviewing Plaintiff's claim for life insurance benefits allegedly due under the Decedent's life insurance policy, MetLife determined that the coverage had lapsed because of the terms of the Plan. Plaintiff concedes that the coverage had lapsed based on the terms of the Plan. MetLife's decision to deny coverage was thus *per se* reasonable. Accordingly, the Court should deny Plaintiff's cross motion for summary judgment, and grant MetLife's motion.

Plaintiff's brief takes issue with the alleged reason why coverage lapsed—i.e., that MetLife did not provide written notice to Decedent of the right to convert his group insurance to an individual policy.[1] But ERISA imposes no such duty absent a Plan specifically requiring written notice, and this Plan does not.

---

[1] Plaintiff does not bring a breach of fiduciary claim. *See, e.g.*, MetLife's Mem. in Supp. of Mot. for Summ. J., ECF No. 34 ("MetLife's MSJ Br.") at 5 n.4. Even though this argument is not proper for Plaintiff's benefits claim, such an argument would still fail for the reasons articulated herein because ERISA does not impose a legal duty to provide such notice.

**ARGUMENT**

**1. MetLife's Decision that Decedent's Coverage Had Lapsed Was *Per Se* Reasonable.**

Although Decedent's last day of work was April 2, 2022, the Plan's terms continued coverage for up to six months following the last day of April 2022, which continued coverage through November 30, 2022. *See* Administrative Record, ECF No. 13 ("A.R.") at NEW-00122; *id.* at NEW-00036–37. Mr. New's coverage unfortunately ended at that time, as the clear terms of the Plan dictate, approximately seven months before he passed away on June 29, 2023. *Id.*; *see also Hayes v. Prudential Ins. Co. of Am.*, 60 F.4th 848, 854 (4th Cir. 2023) ("Indeed, a participant whose policy has expired, unconverted, has no benefits due under the plan for any later occurrence because that participant lacks coverage."). Plaintiff concedes that Decedent's life insurance coverage had lapsed. *See* Pl.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 32 ("Pl.'s MSJ Br.") at 6 ("The Policy provided by MetLife terminates life insurance and accidental death and dismemberment insurance six months after the date the employee was actively at work.").

Here, the Court must review MetLife's claims decision applying an abuse of discretion standard,[2] and must "affirm a discretionary decision of a plan administrator if it is the result of a 'deliberate, principled reasoning process,' and is supported by 'substantial evidence' even if [the Court] would reach a different decision independently." *Helton v. AT&T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013) (quoting *Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 629–30 (4th Cir.

---

[2] Plaintiff agrees that the Court should apply an abuse of discretion standard in its review of MetLife's claims decision. *See* Pl.'s MSJ Br. at 5.

2010)).³ MetLife's claims decision that Decedent's coverage had lapsed before Decedent's death is *per se* reasonable as a matter of law given that Plaintiff acknowledges that the terms of the Plan dictated that coverage lapsed six months after the date an employee was last actively at work.

### 2. MetLife Was Not Required To Issue a Written Notice of the Right of Conversion.

#### a. ERISA Imposes No Requirement for Written Notice.

ERISA imposes no legal duty on a benefits insurer to require issuing written notice of the option to convert group life coverage into an individual policy. *See* MetLife's MSJ Br. at 6–9. Plaintiff does not argue otherwise, nor does Plaintiff cite any contrary caselaw. *See generally* Pl.'s MSJ Br.

#### b. This Plan Does Not Require Written Notice.

Only if the Plan itself requires written notice of the option to convert, as was the case in *Canada Life Insurance Co. v. Estate of Lebowitz*, 185 F.3d 231, 235–36 (4th Cir. 1999), is such notice required. Plaintiff argues that the Plan's conversion language is ambiguous such that the provisions should be interpreted to provide that the Plan required written notice. *See* Pl.'s MSJ Br. at 7–8.

The conversion provisions are not ambiguous. The concept of "written notice" appears in the terms of the Plan's conversion procedure only in relation to triggering when a participant must

---

³ Plaintiff's brief does not appear to focus on any of the eight factors the Fourth Circuit outlined for district courts to consider when reviewing whether a claims decision was reasonable. *See, e.g.*, *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342–43 (4th Cir. 2000). The brief discusses a purported conflict of interest between MetLife and the Decedent's employer, but that relationship is not the "conflict of interest" on which some courts have focused following the U.S. Supreme Court's decision in *Glenn*, which instead focuses on the structural conflict of interest that a claims administrator may have when it is both the payor of benefits and the decider of whether to pay them. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008) (finding conflict of interest when same entity "both determines whether an employee is eligible for benefits and pays benefits out of its own pocket").

3

submit a conversion application *if* a participant receives such notice. *See* MetLife's MSJ Br. at 8; *see also* the Plan, A.R. at NEW-00128. Under no circumstance will the Application Period for converting the policy exceed 91 days from the date the life insurance would otherwise end. *Id.* This is true regardless of whether written notice is issued; otherwise, this entire sentence would be superfluous: "In no event will the Application Period exceed 91 days from the date Your life insurance ends or is reduced." *Id.*[4]

When confronted with the same language as this Plan, the same was true in *Watson v. Dell Techs.*, Civ. No. 19-cv-02667-RM-NYW, 2020 U.S. Dist. LEXIS 214456, at *14–15 (D. Colo. May 29, 2020) (Mag. J.). That court concluded that the plan language was clear that it did not require written notice. *See also* Pl.'s MSJ Br. at 8 (acknowledging that the language in *Watson* was the "same policy language"). Specifically, that court concluded:

> [Plaintiff] counters that by using "Written notice" the Plan explicitly requires the provision of written notice of the option to convert, which [Plaintiff] alleges did not occur. I respectfully disagree with [Plaintiff].
>
> As MetLife argues, the use of "Written notice" in the Plan cannot be read in isolation to require such notice to participants as [Plaintiff] suggests. Rather, "Written notice," when viewed in relation to the terms of the conversion procedure, triggers when a participant must submit a conversion application but only if a participant receives "Written notice of the option to convert[.]" By its very terms, the Plan recognizes that a participant may not receive "Written notice," in which case the applicable application period will not "exceed 91 days from the date Your life insurance ends."

*Watson*, 2020 U.S. Dist. LEXIS 214456, at *13–14 (internal citations omitted). That court rejected the plaintiff's attempt to rely on *Canada Life* because the policy in *Canada Life* expressly stated that the administrator "*will be required* to give each person at least 15 days written notice prior to

---

[4] West Virginia's conversion statute does not extend the Plan's period for conversion "beyond the period provided in such policy" (i.e., beyond 91 days from the date the life insurance would otherwise end). *See* W.Va. Code § 33-14-20.

4

the date on which his right to convert would expire." *Id.* at *14–15 (emphasis added) (quoting *Canada Life*, 185 F.3d at 237); *id.* at *15 ("No unequivocal notice requirement appears in the Plan here."). The same is true in this case; the Plan does not contain the requirement for the written notice that the policy in *Canada Life* contained.

There is nothing ambiguous about the phrase "In no event will …"—that is a definitive statement; under no circumstance will the conversion period be exceed 91 days from the date the coverage ends. *See id.* at *15 ("[G]iving the Plan's terms their plain and ordinary meaning as an ordinary person would understand them indicates that 'Written notice' merely triggers when a participant must file a conversion application, not that MetLife or [the employer] must provide such notice.").[5]

In this benefits claim, the Court cannot modify or alter the Plan's terms. *See Hayes*, 60 F.4th at 852 (quoting *CIGNA Corp. v. Amara*, 563 U.S. 421, 435–36, 131 S. Ct. 1866, 179 L. Ed. 2d 843 (2011) ("Because Subsection (a)(1)(B) allows suits to recover benefits owed under 'the terms of the plan,' it does not permit 'a court to alter those terms.'")). Like in *Hayes*, awarding benefits here would require the Court to modify the Plan's terms to extend the conversion deadline, which is not permissible. *Id.* (citing *Varity Corp. v. Howe*, 516 U.S. 489, 492, 494–95, 515, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) ("Awarding benefits would thus require the very step the Supreme Court said Subsection (a)(1)(B) does not permit: modifying the plan's terms to provide a workaround to its conversion deadline.")).

---

[5] Plaintiff's statement in the response brief that "the Colorado District Court Magistrate Judge demonstrated the ambiguity of the provisions in the recommendation as the Magistrate Judge had to supply a term for the policy" makes no sense and is at odds with the *Watson* opinion. Pl.'s MSJ Br. at 9.

5

## CONCLUSION

For the reasons contained herein and supported by the Administrative Record, MetLife's decision to deny Plaintiff's claim was reasonable according to the terms of the Plan, and the Court should deny Plaintiff's cross motion for summary judgment, grant MetLife's cross motion, and dismiss this case with prejudice.

Respectfully submitted this 25th day of February, 2025.

/s/ Matthew O. Gatewood
Matthew O. Gatewood
W.Va. State Bar No. 10044
**GATEWOOD PLLC**
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
(202) 464-1441
mog@gatewood-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Response Memorandum in Opposition of Plaintiff's Motion for Summary Judgment through the Court's CM/ECF system to:

Stephen P. New
Christopher B. Frost
STEPHEN NEW & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV 25801

This 25th day of February, 2025.

By: /s/Matthew O. Gatewood<br>Matthew O. Gatewood